IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFTON WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:08-CV-0044 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JEFFREY BEARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM and O R D E R**

February 26, 2010

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On January 7, 2008, Plaintiff Clifton Williams, an inmate presently confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this civil rights action *pro se* by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 70) of this Court's May 8, 2009 Order denying his Motion for an extension of time to conduct discovery. Also pending are Defendants' Motion for Summary Judgment (Doc. 73), Plaintiff's Motion for a "Continuance" of Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 83), and Plaintiff's Motion for a fourteen (14) day extension of time to file his opposition to Defendants' Motion for Summary Judgment (Doc. 82).

For the reasons set forth below, the Motion for Reconsideration will be denied. Plaintiff's Motion for a Continuance will be granted under the provisions of Federal Rule of Civil Procedure 56(f). Consequently, Defendants' Motion for Summary Judgment will be denied, without prejudice to renew the Motion at a later date, and Plaintiff's Motion for an extension of time will be denied as moot.

In his Amended Complaint, filed on April 29, 2008, Plaintiff alleges as follows:

> [t]he 'Free Exercise Clause' of the First Amendment, the 'Equal Protection Clause' of the Fourteenth Amendment, and the 'Religious Land Use and Institutional Persons Act of 2000' all protect the right of Muslim prisoners to conduct their approved and regularly scheduled congregational worship services in a designated area free of any images, symbols, or artifacts represented or associated with idolatry or idol worship.

(Doc. 23 at 5 § IV. ¶ 1.) Plaintiff alleges that a violation of the above right (as stated by him) occurs "each year during the Christmas holiday season" from approximately December 1 through January 7 when the SCI-Mahanoy Chaplaincy Department "erects a twelve (12) to fifteen (15) foot decorated Christmas Tree in the Chapel and hang Christmas wreaths on nails around the Chapel walls." (*See id.* at 5-6.) Plaintiff further alleges as follows:

> The idolatrous history of the Evergreen Tree and Evergreen Wreaths, being erected during the holiday season, as a symbol of God, as wall decor for pagan idol worship, and as artifacts of superstition make them unacceptable and offensive to be present in the Chapel at the time the

2

> Muslims are scheduled to conduct their weekly congregational service and offer their congregational prayers in that facility.
>
> However, when this matter was brought to the attention of the Chaplaincy Program Director, thereafter, the Muslim set-up crew, of which plaintiff is a member, was ordered not to touch the Christmas tree or remove the Christmas wreaths from the walls while cleaning the Chapel and setting-up for our congregational services under the threat of disciplinary action. The following year, the threat was upgraded that if we touched the Christmas tree or the Christmas wreaths we would immediately be placed in RHU (Restricted Housing Unit, aka "The Hole") and then issued a misconduct report. This upgraded threat was accompanied with a show-of-force by security personnel and the presence of administrative personnel including the then Superintendent. This threat to the Muslim set-up crew is still standing.

(*See id.* at 6-7.) Plaintiff alleges that this violation of his constitutional rights occurred during his first Christmas season at SCI-Mahanoy in 2005-2006, during his second Christmas season at SCI-Mahaony in 2006-2007, and during the 2007-2008 Christmas season at SCI-Mahanoy that occurred just prior to the initiation of this action. (*See id.* at 8-10.)

As relief, Plaintiff seeks a declaratory judgment explaining the legal rights of Muslims and the obligations of prison officials regarding those rights. (*See id.* at 13 1.) He also seeks three forms of injunctive relief. First, he seeks an injunction to enjoin Pennsylvania Department of Corrections ("DOC") officials from harassing him because he is a Muslim. (*See id.* at 14-18.) Second, he seeks an injunction to end the

practice at SCI-Mahanoy of placing Christmas wreaths and trees in the location where Muslims worship. (*See id.* at 18.) Finally, he seeks an injunction directing that he be allowed access to his departmental file so that he can challenge any slanderous information in the file and have it expunged. (*See id.* at 18-19.) In addition, Plaintiff seeks compensatory and punitive damages. (*See id.* at 13.)

By Order dated May 8, 2009, this Court denied Plaintiff's Motions for an extension of time to conduct discovery (Doc. 63) and to file dispositive motions (Doc. 64). On May 28, 2009, Plaintiff filed the instant Motion for Reconsideration. (Doc. 70.) On June 17, 2009, Defendants filed a Motion for Summary Judgment (Doc. 73) and accompanying papers (Docs. 74, 75). By Order dated July 22, 2009, Plaintiff's first request for an extension of time to file his opposition was granted, and he was directed to file his opposition within thirty (30) days. (Doc. 81.) On August 24, 2009, Plaintiff filed the pending Motion for an extension of time to file his opposition (Doc. 82), and on September 14, 2009, he filed the pending Motion for a Continuance (Doc. 83). We shall discuss each of these Motions in turn.

**MOTION FOR RECONSIDERATION**

4

## I. STANDARD OF REVIEW

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171 (1986)). Such a motion may be granted only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck,* 56 F.Supp.2d 502, 504 (M.D. Pa.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa.2002).

## II. DISCUSSION

Williams seeks reconsideration of this Court's May 8, 2009 Order denying his Motion for an extension of time to conduct discovery. In a Motion filed on May 4, 2009, Plaintiff sought an extension of the April 7, 2009 deadline for the completion of discovery based upon his assertion that Defendants' failure to provide the information he requested in his interrogatories constituted a failure to cooperate in discovery. (*See* Doc. 63, Plaintiff's Motion for an extension of time, ¶ 9.) Following review of the interrogatories (Doc. 65-2), Defendants' responses (Doc. 65-3), Plaintiff's "good faith effort" correspondence to Defendants' counsel (Doc. 65-4), and the response to Plaintiff's correspondence by Defendants' counsel (Doc. 65-5), this Court determined that the information sought by Plaintiff was irrelevant to the claims in his Amended Complaint. (*See* Doc. 67 at 2-3.) Accordingly, the May 8, 2009 Order denied Plaintiff's request for an extension of time on the basis that he had failed to show good cause to warrant such an extension. (*See id.* at 3, 4.)

In the instant Motion, Williams asserts that this Court should reconsider its May 8, 2009 Order because its misunderstanding of his claim in his Amended Complaint constituted an error of fact that led to its determination that the information he sought was irrelevant; our ruling denying an extension of time to conduct discovery prejudiced Plaintiff in that it hindered his ability to prepare his case; and not allowing

Plaintiff a liberal opportunity for discovery will result in a manifest injustice. (*See* Doc. 72 at 6, 9-12.)

Applying the standard used when a party seeks reconsideration, the Court concludes that Williams has not articulated any of the applicable grounds for reconsideration. Williams bases his argument that this Court made an error of fact on the way in which his claims were summarized in our May 8, 2009 Memorandum. Regardless of the way in which Williams's claims were summarized, the determination that the information sought by Williams was irrelevant to the claims in his Amended Complaint was based on the claims as stated in the Amended Complaint. Moreover, in the instant Motion, Williams has not demonstrated that this Court made an error of fact in concluding that his requests in his interrogatories for information contained in his DOC files indicating he has abused women and/or children, sexually assaulted women employed by the DOC, participated in homosexual relationships or activities, or is a chronic masturbator are irrelevant to the claims in his Amended Complaint stemming from events that allegedly occurred at SCI-Mahanoy in 2005 through 2007.

Even if the information Williams sought was relevant, the record shows that it does not exist. In opposing the instant Motion, Defendants have submitted the

7

Declarations given under penalty of perjury of the Assistant to the Superintendent and Litigation Coordinator at SCI-Mahanoy, Bernadette Mason, and the DOC Acting Records Administrator, Denise Wood, stating that no information or documentation relating to Williams's requests exists in his files. (*See* Docs. 77-2, 77-3.) Because Williams has not demonstrated that the Court made a factual error in determining that the information he sought is irrelevant, the denial of an extension of time to conduct discovery to attempt to obtain that information has not hindered his ability to present his case or resulted in manifest injustice to him. Accordingly, this Court finds no basis to reconsider its May 8, 2009 decision not to extend the discovery deadline, and Williams's Motion for Reconsideration will be denied.

## MOTION FOR A CONTINUANCE

Williams asserts that he cannot effectively oppose Defendants' Motion without obtaining additional discovery under the provisions of Federal Rule of Civil Procedure 56(f). (Doc. 83 ¶ 3.) Rule 56(f) provides as follows:

> **(f) When Affidavits are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** deny the motion;
>
> **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

>	**(3)** issue any other just order.

Fed. R. Civ. P. 56(f). The Supreme Court has recognized that premature motions for summary judgment should be dealt with pursuant to Rule 56(f) if the opposing party has not made full discovery. *Celotex Corp. v. Catrett,* 477 U.S. at 317, 326 (1986). The district court is empowered with discretion to determine when such a motion is ripe. *Sames v. Gable,* 732 F.2d 49, 51 (3d Cir. 1984).

To preserve this issue, Rule 56(f) requires the opposing party to file an affidavit outlining the reasons for the party's opposition. *Galgay v. Gil-Pre Corp.,* 864 F.2d 1018, 1020 n.3 (3d Cir. 1998). An opposing party must set forth with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained. *Surin v. Virgin Islands Daily News, Inc.,* 21 F.3d 1309, 1314 (3d Cir. 1994).

In this case, Williams requests a continuance of Defendants' Motion for Summary Judgment pending his acquisition of necessary discovery to effectively oppose the Motion. (*See* Doc. 83 at 9.) In his Affidavit, Williams specifies that he seeks to obtain the following discovery: **(1)** the false information he still believes exists in his files even though Defendants indicated in their responses to his interrogatories and Declarations that the information does not exist; **(2)** declarations from inmates he formerly was confined

9

with at SCI-Dallas and SCI-Mahanoy stating that they overheard prison staff instigating hostility against him by spreading false information about him, which would go to his request for injunctive relief; and **(3)** declarations from learned Muslims and information from Islamic web sites to demonstrate that Christmas trees and wreaths are not to be on display or erected in the same room in which Muslims offer congregational worship, which would be relevant to Williams's claim that the presence of these symbols in the chapel in which the Muslims gather restricted their ability to worship. (*See* Doc. 83-15, Pltf.'s Decl.) Williams explains that he previously has not been able to procure the declarations he seeks because of difficulties in locating witnesses and limited time with work schedules and other responsibilities. (*See id.* at 2-3.)

With regard to Williams's request to further extend discovery to attempt to obtain information from his files, as already discussed in disposing of his Motion for Reconsideration, notwithstanding the relevancy of this information, Defendants have responded that this information simply does not exist. Williams's vague claim that various DOC personnel have confirmed the existence of this information verbally or in writing also does not overcome the submission by Defendants of Declarations under penalty of perjury stating that the information Williams seeks does not exist in his files. (*See* Docs. 77-2, 77-3.) Therefore, to the extent he requests additional time to continue

to pursue this information, his request is denied.

However, the Court will grant Williams's Motion to obtain the information in the second and third categories set forth above. It is not entirely clear whether the declarations Williams seeks from inmates he formerly was confined with and from learned Muslims, as well as the information from Islamic web sites, would preclude the entry of summary judgment. Nevertheless, it appears that the procurement of this discovery may assist Williams in effectively opposing Defendants' Motion for Summary Judgment. Consequently, the Court concludes that his request to continue Defendants' Motion for Summary Judgment should be granted to allow him to pursue this discovery. Therefore, Plaintiff's Motion for Continuance will be granted under the provisions of Rule 56(f), and Defendants' Motion for Summary Judgment will be denied, without prejudice to renew the Motion at a later date, in order to allow Williams to obtain discovery as specified above on or before April 30, 2010. Further, Plaintiff's Motion for an extension of time to file his opposition to Defendants' Motion for Summary Judgment will be denied as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. 70) of this Court's May 8, 2009 Order is **DENIED**.

2. Plaintiff's Motion for Continuance (Doc. 83) is **GRANTED** under the provisions of Fed. R. Civ. P. 56(f) to allow him to obtain additional discovery as specified herein on or before April 30, 2010.

3. Defendants' Motion for Summary Judgment (Doc. 73) is **DENIED,** without prejudice to renew the Motion after April 30, 2010.

4. Plaintiff's Motion for an extension of time (Doc. 82) to file his opposition to Defendant's Motion for Summary Judgment is **DENIED** as moot.

s/ John E. Jones III
John E. Jones III
United States District Judge
